[No. 13072.   Department One. — July 24, 1891.]

## A. A. HOYT, Appellant, *v.* SELBY SMELTING AND LEAD COMPANY et al., Respondents.

Appeal — Review of Conflicting Evidence. — Where the evidence is substantially conflicting upon any particular issue, a finding thereon will not be disturbed on the ground of the insufficiency of the evidence to justify it.

Id. — Authority of Superintendent of Mining Corporation — Pledge of Bullion — Grant by Corporation. — Where the evidence conflicts as to the authority of the superintendent of a mining corporation to pledge its bullion to a creditor of the corporation, a finding in favor of such authority will sustain a judgment in favor of the pledgee in an action of claim and delivery brought against him by a subsequent purchaser of the bullion from the corporation.

Id. — Cost-bill — Order Denying Motion to Retax. — Where the items of costs and disbursements charged in a cost-bill appear to be proper upon their face, and the objections thereto were heard and decided by the trial court upon conflicting evidence, an order denying a motion to retax costs will be affirmed on appeal.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*W. W. Davidson*, and *A. B. Hunt*, for Appellant.

*P. Reddy*, and *F. R. Whitcomb*, for Respondents.

Fitzgerald, C. — This is an action of claim and delivery, brought by plaintiff against the defendants, for the possession of 230 bars of base bullion, or its alleged value, and damages for its detention.

The allegations of the complaint and the averment of value are specifically denied by the answer, and for a further separate defense, defendants justify under a pledge.

The case was tried by the court without a jury, and judgment rendered in the alternative in favor of defendants. The appeal is taken from the judgment and the order denying plaintiff's motion for a new trial.

The facts necessary to be stated in connection with the points upon which we have rested our decision are as follows: —

On the thirtieth and thirty-first days of October, 1884, the defendants, Harris and Rhine, partners doing business as merchants at Independence, in the county of Inyo, California, commenced two actions, one for $386.64, and another for $589.11, against the Owens River Mining and Smelting Company, a corporation of this state, having its principal place of business in San Francisco, and its smelting works and mining property in Inyo County; that thereafter writs of attachment were issued at the instance of Harris and Rhine, and placed in the hands of the sheriff of Inyo County, who executed the same by levying upon and taking into his possession, with other property, the bullion in question as the property of the said corporation.

Afterwards, on the fifth day of November, 1884, one A. P. Minear, the superintendent of the company, and in charge of its smelting-works, mining property, and business in Inyo County, for the purpose of releasing the bullion and all the property of the company in said county from these attachments, thereby enabling it to continue the operation of its smelting-works and the working of its mines, agreed to deliver, and subsequently upon the release thereof did deliver, the bullion in question to Harris and Rhine, in pledge, to secure to them the payment of a valid and undisputed debt of the corporation, with the undertaking and agreement, on the part of Harris and Rhine, that they should ship the bullion to the Selby Smelting and Lead Company of San Francisco, to be reduced and refined by it, and that they should cause it to be sold, and out of the proceeds retain the amount of their claim, costs of transportation, reducing, and refining, and pay over the balance to the corporation, or its order.

On the same day, in pursuance of this agreement, they

shipped the bullion to San Francisco, to the Selby Smelting and Lead Company, in whose possession it was at the time this action was brought. The plaintiff herein, who is an alleged creditor of the corporation, claims to be the owner and entitled to the possession thereof under and by virtue of a bill of sale executed to him by the secretary of the corporation in pursuance of a resolution adopted at a meeting of the board of directors held on the thirteenth day of November, 1884, authorizing and directing him to sell the bullion to plaintiff for two thousand dollars. It further appears that the meeting was called specially for this purpose, the object being, as was testified to by the secretary of the corporation, "to protect Mr. Hoyt against certain creditors," and "to turn the bullion over to Mr. Hoyt so as to prevent creditors from getting it, and that he subsequently understood that Harris and Rhine were the creditors referred to."

The corporation was organized under the laws of this state, for the purpose of carrying on a mining and smelting business in Inyo County. A. P. Minear was the superintendent of the company, and intrusted with the management of its business in that county, which is distant about five hundred miles from San Francisco.

It is contended that Minear, as superintendent of the company, had no power or authority to pledge the property in question, and that the agreement in relation thereto between Minear and Harris and Rhine was not binding on the corporation.

The court, in its decision, found that the Owens River Mining and Smelting Company, acting by and through its duly authorized agent, A. P. Minear, entered into the agreement referred to with Harris and Rhine, and in pursuance thereof, acting by and through said agent, delivered said property to them, in pledge, for the purposes stated in the agreement.

As the evidence upon this point is substantially con-

flicting, the finding, under the well-established rule of this court as to conflict, will not be disturbed on the ground of the insufficiency of the evidence to justify it.

The conclusion here reached renders it unnecessary to notice the question involving the validity of the sale of the bullion to plaintiff, further than to say that the court below found adversely to plaintiff, and that there was evidence to support the finding.

In relation to the motion of plaintiff to retax the bill of costs filed by the defendants herein, and which was denied by the court, it is sufficient to say that upon its face the items of costs and disbursements charged appear to be proper, and as the objections thereto were heard and decided by the court in favor of respondents upon evidence which was substantially conflicting, we are of the opinion that the court properly exercised its judicial discretion in denying the motion.

We therefore recommend that the judgment and order appealed from be affirmed.

Vanclief, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.